UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICARDO FUENTES,
            Plaintiff,
    v.

NANCY A. BERRYHILL,
Commissioner of Social Security,
_____



**DECISION AND ORDER**
17-CV-6421-JWF

## Preliminary Statement

Plaintiff Ricardo Fuentes ("plaintiff" or "Fuentes") brought this action pursuant to Title II and Title XVI of the Social Security Act seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). See Complaint (Docket # 1). Presently before the Court are the parties' competing motions for judgment on the pleadings. See Docket ## 12, 16. For the reasons that follow, plaintiff's motion (Docket # 12) is **denied**, and the Commissioner's motion (Docket # 16) is **granted**.

## Background and Procedural History

On April 24, 2013 and May 13, 2013, plaintiff filed a Title II and a Title XVI application alleging disability beginning on July 14, 2011. Administrative Record ("AR.") at 179-89. After the applications were denied, plaintiff timely requested a hearing. AR. at 176-77.

1

Plaintiff appeared with counsel and testified at a hearing held on July 9, 2015 before Administrative Law Judge Brian Kane ("the ALJ"). AR. at 48-84. Vocational Expert Blythe ("the VE") also testified at the hearing. The ALJ issued an unfavorable decision on October 22, 2015. AR. at 18-27. Plaintiff timely requested review by the Appeals Council, which review was denied on May 2, 2017, making the ALJ's decision the final decision of the Commissioner. AR. at 1-4. Plaintiff subsequently filed this lawsuit.

## Discussion

At step two of the familiar five step analysis used in evaluating disability eligibility, the ALJ found that plaintiff had two impairments that qualified as severe: anxiety disorder and depressive disorder. AR. at 20. Plaintiff alleges error because he also suffers from physical impairments (back pain and migraine headaches) that qualified as severe impairments and should have been taken into account by the ALJ in formulating plaintiff's residual functional capacity ("RFC"). The Court disagrees.

This was plaintiff's second successive application for disability benefits. He applied for disability benefits in March 2010, alleging both non-exertional and exertional limitations, including back injury and migraines. In the earlier case, the ALJ found that plaintiff's exertional limitations were non-severe. Plaintiff appealed the denial of benefits to this Court and on

2

February 13, 2015, Magistrate Judge Payson affirmed the decision of the Commissioner. See Fuentes v. Colvin, No. 13-CV-6201P, 2015 WL 631969, *11 (W.D.N.Y. Feb. 13, 2015). The alleged onset date of the instant claim is July 14, 2011, the day after plaintiff received the unfavorable decision from the ALJ in response to his prior application. AR. at 263, 272.

An impairment will only be considered to be "severe" if "acceptable medical sources" establish that the alleged impairment imposes significant limitations on the claimant's ability to perform basic work activities and if that impairment is expected to last for a continuous period of at least a year. See 20 C.F.R. §§ 404.1509, 404.1520. "An impairment or combination of impairments is 'not severe' when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have at most a minimal effect on an individual's ability to perform basic work activities." Jeffords v. Astrue, No. 11-CV-620S, 2012 WL 3860800, *3 (W.D.N.Y. Sept. 5, 2012) (quoting Ahern v. Astrue, No. 09-CV-5543 (JFB), 2011 WL 1113534, *8 (E.D.N.Y. Mar. 24, 2011)); see also SSR 85-28 (S.S.A. 1985).

Although it is *de minimis*, the evidentiary burden at step two to establish that an impairment is severe rests squarely with the plaintiff. Bowen v. Yuckert, 482 U.S. 137, 146 (1987). Plaintiff concedes that "[t]here was not a single medical [record] noted in

3

the administrative record that pertained to Plaintiff's physical impairments." See Pl.'s Mot. J. Plead. (Docket # 12-1) at 20. This Court was initially concerned as to whether the September 17, 2013 examination report of Dr. Toor (AR. at 309-12) met the *de minimis* standard at step two, but ultimately concludes that the ALJ's decision to give "little weight" to Dr. Toor's opinions on plaintiff's exertional limitations is not error. Given the absence of corroborating medical evidence, the ALJ's finding that "Dr. Toor's opinion seems to be based mostly on claimant's subjective complaints" is supported by substantial evidence in the record. Plaintiff, who was represented and questioned by counsel at the hearing before the ALJ, did not describe any exertional limitations or mention back pain at the hearing. Indeed, he testified that he enjoyed riding bikes in the park with his 15-year-old son, going to the library to use the internet and attending family outings. AR. at 76, 78. At the hearing, plaintiff's counsel posed hypothetical questions to the VE and did not include or mention any exertional limitations. Finally, as noted by the ALJ, plaintiff attended a psychiatric evaluation a week after he was evaluated by Dr. Toor and told the examiner he walked three miles to the appointment. AR. at 305. Based on the totality of the record as reviewed, the ALJ's evaluation of plaintiff's alleged physical impairments was supported by substantial evidence.

4

Plaintiff also argues that the ALJ "failed to properly evaluate the mental medical opinions" in the administrative record. See Pl.'s Mot. J. Plead. (Docket # 12-1) at 22.

> It is not the function of a reviewing court to determine de novo whether the claimant is disabled. Assuming the Secretary [Commissioner] has applied proper legal principles, judicial review is limited to an assessment of whether the findings of fact are supported by substantial evidence; if they are supported by such evidence, they are conclusive.

Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

Applying this deferential standard, the Court finds that there is substantial evidence in the record to support the ALJ's finding that plaintiff's mental impairments are not disabling. To be sure, plaintiff has a history of anxiety and depression. And psychological assessment forms completed by plaintiff's treating social workers in support of plaintiff's application for local social service benefits do contain opinions that are supportive of plaintiff's claims that he is unable to engage in full-time competitive employment due to his ongoing stress, anxiety and depression. But, as correctly noted by the ALJ, the actual treatment notes and records of these treating mental health professionals are not consistent with their conclusions that plaintiff is mentally disabled from employment. See, e.g., AR. at 340 ("appears calm and in control"); AR. at 341 ("calm", "good eye contact," "cooperative attitude," "goal directed"); AR. at 356 ("mood within normal limits," "appear[s] to be doing well"); AR.

at 359 ("reports things are going well," "mood within normal limits"); AR. at 361 ("mildly anxious," "appropriate behavior," "good insight," "appropriate judgment"); AR. at 364 ("mildly depressed"); AR. at 374 ("mild depression"). Moreover, the records of the treating psychiatrist, Dr. Cheema, do not support a finding of a disabling mental health disorder. See, e.g., AR. at 339 ("reports doing well on current medications, denies any complaints, sleep and appetite fair," "insight and judgment intact"); AR. at 348 (feeling depressed, but "sleeping well"); AR. at 352 ("cooperative and friendly," "appropriate affect," "insight and judgment are intact," "reports doing well on current medication"); AR. at 358 ("reports doing well on current medications," not sleeping well, but "denies any other complaints"); AR. at 363 ("cooperative and friendly," not sleeping well, but "otherwise is doing well," "denies any symptoms of mania or psychosis," "insight and judgment are intact"); AR. at 371 ("states he is doing well," does not want to continue with sleep aid, and "denies any other complaints"); AR. at 385 ("reports doing well on current medications. Denies any complaints. Sleep and appetite are fair," "affect is appropriate," insight and judgment are intact").

Both the Second Circuit and the Commissioner's own regulations direct that the views and opinions "of a claimant's treating physician is given controlling weight if it is well

supported by medical findings and not inconsistent with other substantial record evidence." Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000). The ALJ's decision to discount the opinions of the treating social workers when their conclusions were internally inconsistent with their own contemporaneously-kept treatment notes, as well as the treatment records of the treating psychiatrist, was not error.

Plaintiff also argues that the ALJ improperly evaluated the opinion of Dr. Yu-Ying Lin, a consulting psychologist who met with plaintiff on a single occasion. Dr. Lin opined that plaintiff was "mildly to moderately limited" in maintaining concentration, maintaining a regular schedule, performing complex tasks, and making appropriate decisions. Dr. Lin also found plaintiff "markedly limited" in "appropriately dealing with stress." AR. at 307. The ALJ gave Dr. Lin's opinion little weight because it was based "largely on subjective allegations" and "not supported by treatment records." AR. at 25. This too was not error. "ALJs should not rely heavily on the findings of consultative physicians after a single examination." Selian v. Astrue, 708 F.3d 409, 419 (2d Cir. 2013). This is because "consultative exams are often brief, are generally performed without the benefit or review of claimant's medical history and, at best, only give a glimpse of the claimant on a single day." Cruz v. Sullivan, 912 F.2d 8, 13 (2d Cir. 1990) (quoting Torres v. Bowen, 700 F. Supp. 1306, 1312

7

(S.D.N.Y. 1988)(internal quotation marks omitted)); see also Giddings v. Astrue, 333 F. App'x 649, 652 (2d Cir. 2009) ("We also acknowledge that generally, 'in evaluating a claimant's disability, a consulting physician's opinions or report should be given little weight.'")(quoting Cruz, 912 F.2d at 13).

## Conclusion

Plaintiff's motion for judgment of the pleadings (Docket # 12) is **denied**, and the Commissioner's motion for judgment on the pleadings (Docket # 16) is **granted**. The Clerk of the Court is directed to dismiss the complaint.

**IT IS SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 27, 2018
Rochester, New York

8